UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JONES,

                 Plaintiff,

v.

STATE OF MICHIGAN, WAYNE COUNTY,
JUDGE ABRAHAM, REFEREE MICHAEL
KWARCINSKI, R. DUNLAP, and MICHIGAN
CHILDREN'S PROTECTIVE SERVICES,

                 Defendants.

_____/

Case Number 25-10679
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS AND DISMISSING CASE

Presently before the Court are two reports issued by Magistrate Elizabeth A. Stafford under 28 U.S.C. § 636(b) recommending that the Court dismiss the plaintiff's complaint *sua sponte* for want of subject matter jurisdiction, deny as moot several pending motions, and deny the plaintiff's motion to amend his complaint.   The deadline for filing objections to the reports has passed, and no objections have been received.

The plaintiff, who is proceeding without the assistance of counsel, filed this lawsuit on March 11, 2025 to challenge alleged violations of his civil rights that occurred during a pair of ongoing domestic relations matters pending in Wayne County, Michigan circuit court.  The Court referred the case to Magistrate Judge Elizabeth A. Stafford for pretrial management under 28 U.S.C. § 636(b).  On June 23, 2025, Judge Stafford directed the plaintiff to show cause why his complaint should not be dismissed for failure to establish subject matter jurisdiction.  ECF No. 18, PageID.143 (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 n.3 (2009)); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (authorizing district courts to "*sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) . . . when the allegations

. . . are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). In her order, Judge Stafford identified several problems with the claims as pleaded, including issues relating to sovereign immunity and judicial immunity.

The plaintiff responded to the show cause order in a lengthy filing. ECF No. 19. However, after reviewing the response, Judge Stafford concluded that it failed to address the deficiencies with his complaint. She therefore issued a report recommending the case be dismissed and that several other pending motions be dismissed as moot. ECF No. 20. Instead of filing objections to Judge Stafford's report, the plaintiff moved to amend the complaint. ECF No. 21. The amendments he proposed did not attempt to rectify the problems Judge Stafford had identified. Instead, he sought to add a claim that the defendants had colluded with officials in the City of Madison Heights to violate his rights because of a separate lawsuit in which he had named them as defendants. *See* ECF No. 21. He also filed a document titled "motion for mistrial based on illegal interference with a separate judicial proceeding, due process violations, and continued endangerment of minor child." ECF No. 22. Judge Stafford issued a second report, recommending that the Court deny the plaintiff's motion to amend the complaint on the ground that he had failed to attach a copy of a proposed amended pleading, *see* E.D. Mich. LR 15.1, and the amendment would be futile in any event because the allegations in his motion would not support a viable claim. ECF No. 23. The plaintiff did not timely object to that report.

The plaintiff's failure to file objections to the magistrate judge's reports waives any further right to appeal. *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge and will dismiss the complaint. Although a district court

generally "may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint," *Apple*, 183 F.3d at 479, the record demonstrates that the plaintiff had an adequate opportunity to amend the complaint. He could have done so in response to Judge Stafford's show cause order but chose not to do so. When he eventually moved for leave to amend the complaint after Judge Stafford issued her first report, his proposed amendments did not address the problems she had identified, including the lack of subject matter jurisdiction. Summary dismissal is appropriate under the circumstances.

Judge Stafford's report did not explicitly address the plaintiff's "motion for mistrial" (ECF No. 22). In that motion, the plaintiff appears to ask the Court to "grant a mistrial" in an ongoing state criminal case in which he is a defendant, to dismiss the charges with prejudice, to order officials in the City of Madison Heights to refrain from interfering in his case, and to refer them for investigation. ECF No. 22, PageID.291. Nothing in the motion is responsive to Judge Stafford's reports, and the relief he seeks does not flow from the allegations in his complaint, which does not mention an ongoing criminal prosecution. The Court therefore will deny the motion.

Accordingly, it is **ORDERED** that the reports issued by Magistrate Judge Stafford (ECF Nos. 20, 23) are **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 7), motion to supplement the record (ECF No. 8), motion for judicial notice (ECF No. 9), motion to amend the complaint (ECF No. 21), and motion for mistrial (ECF No. 22) are **DENIED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**.

|  |  |
|---|---|
|  | s/David M. Lawson |
|  | DAVID M. LAWSON |
| Dated:  October 14, 2025 | United States District Judge |